## SOARS & LOVELACE, Inc., et al. v. CRAIG et al.

No. 23340. Opinion Filed March 7, 1933.

Rehearing Denied April 11, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Chas. D. Reed, for respondents.

CULLISON, V. C. J. This is an original action before this court to review a certain award of the State Industrial Commission to C. J. Craig, by reason of a back injury sustained by him while working for the Soars and Lovelace Construction Company. Claimant's injury was occasioned by his foot slipping while carrying a length of pipe, and resulted in a strained back. Pursuant to hearings had on claimant's claim for compensation, the Commission made its award on January 5, 1932, finding, among other things, that as a result of the injury claimant has been temporarily totally disabled from the performance of ordinary manual labor from May 22, 1931, to October 31, 1931, and that by reason of claimant's injury his wage-earning capacity has decreased from $5 to $2.50 per day from and after October 31, 1931.

Soars & Lovelace, Inc., and its insurance carrier, Continental Casualty Company, hereinafter referred to as petitioners, bring this original proceeding to review said award. Petitioners attack the sufficiency of the evidence grounding the third and fifth findings of the Commission, supra, upon which the award is based. In other words, petitioners contend that the time of claimant's temporary total disability found by the Commission was for a greater length of time than the facts disclosed, and that the finding of the Commission as to claimant's loss of earning power by reason of the injury was arbitrary, strained, and not supported by the facts disclosed. It is petitioners' contention that claimant's temporary total disability ended August 27, 1931, when their doctors discharged claimant, and did not last until October 31, 1931, as found by the Commission; and that claimant's wage-earning loss of $2.50 per day, as found by the Commission, was not due to the injury, but was due to the economic situation and claimant's inability to find work.

The question here presented is whether or not there is any competent evidence reasonably tending to support the third and fifth findings of fact of the Commission, supra.

The testimony of the claimant at the second hearing was, in substance, that he was never able to perform manual labor according to the definition of the decisions of this court up to the 31st day of October, 1931. That claimant could not raise a 50 pound weight to a level with his belt without experiencing a recurrence, could not walk the distance of 20 blocks without suffering severe pain in the region of the injury, and was compelled to wear a girdle in order to be reasonably comfortable when not exerting himself at all. Dr. Morgan testified at the first hearing on October 13, 1931, that claimant's back was in such a condition that he could not perform ordinary manual labor. He also testified that claimant's condition was of such a nature that its tendency would be to adjust itself slowly as claimant got older, and that improvement would appear over a five-year period.

We believe that the Commission had before it competent evidence reasonably tending to support its third finding of fact that claimant's temporary total disability extended until October 31, 1931, and under the settled rule of this court in such cases, it will not weigh and determine the value of conflicting evidence, but will affirm the finding of the Commission.

Petitioners urge that claimant's decrease in earning capacity was caused by inability to secure work and not by reason of any disability arising from his injury. There is some evidence in the record to the effect that claimant was unable to find employment of the same nature, but a reading of the record as a whole discloses testimony to the effect that claimant was unable to perform the same labor, could he have found it. Under the holding of this court in Patrick & Tillman et al. v. Matkin et al., 154 Okla. 262, 7 P. (2d) 414, to the effect that "change of general wage rate or schedule either upward or downward is not to be considered," we cannot agree with petitioners' last contention.

The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur. McNEILL, BUSBY, and WELCH, JJ., absent.

Note.—See under (1) 28 R. C. L. 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.